IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TOMAS S. JIMENEZ,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　**No. 15-cv-1058 GJF/SMV**

**NOVA MUD, INC.,**

    **Defendant.**

## ORDER AUTHORIZING
## NOTICE OF FLSA COLLECTIVE ACTION

THIS MATTER is before the Court on the parties' Stipulation Regarding Motions for Protective Order, Notice, and Settlement Procedures [Doc. 38], filed on February 22, 2016, and on the parties' competing versions of a notice to be sent to the potential collective members [Docs. 40, 41], filed on March 2, 2016. Defendant objected to portions of Plaintiff's proposed version on March 22, 2016. [Doc. 45]. The Court heard oral argument on March 23, 2016. Having considered the relevant filings, relevant law, and argument of counsel, and being otherwise fully advised in the premises, the Court will sustain some of Defendants objections, overrule others, and authorize the issuance of the attached notice.[1]

---

[1] At the hearing on March 23, 2016, counsel explained that no motion for conditional certification of the Fair Labor Standards Act ("FLSA") collective was forthcoming. The parties agreed that notice is appropriate (as to the FLSA collective action), so there is no need for the Court to conditionally certify the class. It is undisputed. Counsel further explained that the practical effect of conditional certification is issuance of the notice. In this case, the parties stipulate that a notice should be issued. So, no motion for conditional certification is needed. Finally, the parties agree that if at some point in the future, Defendant wishes to move to decertify the collective, it may do so.

As to Plaintiff's proposed notice [Doc. 41-1], Defendant makes several objections, which are addressed in turn.

(1) Defendant argues that Plaintiff version improperly treats allegations as facts. [Doc. 45] at 3–4.  The objection is sustained.

(2) Defendant argues that Plaintiff's version improperly implies that the Court approved the merits of the case because it includes the "Court's title."  *Id.* at 4–5.  The objection is overruled.  However, the Court will modify the language to reflect that the Court takes no position on the merits of the claims or defenses.

(3) Defendant argues that Plaintiff's version fails to inform potential collective members of Defendant's defenses.  *Id.* at 5.  The objection is overruled.

(4) Defendant argues that Plaintiff's version fails to state potential liability for defense costs if Defendant prevails.  *Id.* at 5–6.  The objection is sustained in part as reflected in the attached notice.

(5) Defendant argues that Plaintiff's version fails to state potential class members' right to separate representation.  *Id.* at 6.  The objection is overruled.

(6) Defendant argues that Plaintiff's version is misleading with respect to potential class members' rights to recovery if they do not join this case.  *Id.* at 6–7.  The objection is overruled.

(7) Defendant argues that Plaintiff's version fails to properly clarify the effect of accepting the checks issued by Nova as a result of its recent settlement with the Department of Labor.  *Id.* at 7–8.  The objection is sustained in part as reflected in the attached notice.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the objections contained in Defendant's Response to Plaintiff's Motion to Approve Notice of Overtime Lawsuit [Doc. 45] are **SUSTAINED IN PART** and **OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that, on the parties' competing versions of a notice to be sent to the potential collective members [Docs. 40, 41], the Court **AUTHORIZES** the attached notice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**