UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| TOMAS S. JIMENEZ,<br>individually and on behalf<br>of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NOVA MUD, INC.<br><br>    Defendant. | Docket No. 2:15-CV-01058-MV-SMV |

## DECLARATION OF GERALD BROMLEY

1. My name is Gerald Bromley. My date of birth is June 18, 1982. My address is 8107 N. Valdez Street, Hobbs, Lea County, NM 88242.

2. I have personal knowledge of the following facts as the Chief Financial Officer of Nova Mud, Inc. ("Nova"). I am also the Chief Financial Officer of Nova Hardbanding, LLC, and Nova Sand, LLC ("other Nova entitites").

3. In April of 2015, the United States Department of Labor approached Nova Mud, Inc. to investigate potential underpayment of overtime for its current and former employees. Nova Mud, Inc. received a letter from the United States Department of Labor, dated April 14, 2015, giving notice of an inspection visit to investigate potential overtime violations. During that investigation, the DOL concluded that the executive, administrative, and motor carrier act exemptions applied to many of Nova's employees.

4. On January 15, 2016, Nova Mud, Inc. signed a settlement agreement with the United States Department of Labor. Under this settlement agreement, Nova Mud, Inc. was obligated to the United States Department of Labor to send checks for both overtime pay and liquidated damages, incurred from April 22, 2013 to April 21, 2015, under the Fair Labor Standards Act, by

EXHIBIT 1

no later than February 15, 2016. For every set of wage and liquidated damage checks that were sent to employees, the DOL-ordered form WH-58 was enclosed with the settlement checks.

5.  Some of settlement checks which we sent were returned to us as undeliverable. For each of these undeliverable settlement checks, Nova paid those settlement proceeds over to the DOL to hold on behalf of the unlocated employees (who could later retrieve those funds from the DOL). In this lawsuit, Plaintiff Russell Petter was among those unlocated employees; however, as described in paragraphs 13 to 15 herein, I have since learned that Russell Petter received his portion of the settlement proceeds from the DOL.

6.  As the Chief Financial Officer of Nova Mud, Inc., Nova Hardbanding, LLC, and Nova Sand, LLC, I am familiar with how Nova handled its payroll and with how Nova's payroll and employee records are created and maintained because of my duties and responsibilities.

7.  During the relevant time periods, Nova had a practice of paying its employees twice a month and concurrently with the days worked by its employees. For example, if an employee worked from January 1, 2014, to January 25, 2014, and quit, then that employee would be paid on January 15, 2014 for work performed between January 1, 2014, and January 15, 2014, and he would also be paid on January 31, 2014, for work performed between January 16, 2014 and January 25, 2014.

8.  Included with this Declaration are __ pages of records, referred to as Exhibits "2" through "28," these are the original records or exact duplicates of the original records. These records include:

   a. Exhibit "2" is the Settlement Agreement which was entered into with the Department of Labor.

    b. Exhibits "3" through "28" contain payroll records for each Plaintiff, with the Nova entity that employed the Plaintiff listed at the top of each page.

    c. For Plaintiffs who participated in the DOL Settlement, Exhibits "3" through "8," there is also included:

        1. copies of the DOL Settlement checks which were issued by Nova to each Plaintiff, and check images from Nova's bank, front and back, showing that the settlement checks were cashed or deposited;

        2. a DOL Wage and Hour Division form, WH-56, showing which Plaintiffs were entitled to settlement checks from Nova and the amount due under the settlement, separated into two amounts (back wages and liquidated damages);

        3. a DOL Wage and Hour Division form, WH-58, showing, among other things, that the Plaintiffs received the DOL required notice of the settlement, explaining that if the employee accepts the DOL settlement, he waives his right to private cause of action.

9. The records were made at or near the time of each act, event, condition, opinion, or diagnosis set forth. The records were made by, or from information transmitted by, persons with knowledge of the matters set forth. The records were kept in the course of regularly conducted business activity. It is the regular practice of the business activity to make the records.

10. Having personal knowledge of Plaintiffs' employment at Nova and the other Nova entities, I hereby certify that following information regarding Plaintiffs' employers, provided in table format below, is true and correct. Plaintiffs with "Nova" listed as their employer were employed by Nova Mud, Inc. at some time since November 2012. If the employer is listed as "other Nova entities," then the Plaintiff was either employed by Nova more than three years from the date the he joined this lawsuit or employed by another Nova entity that is not a party to this lawsuit:

3

| Plaintiff Name | Employer | Notice of Consent Filed On: |
|---|---|---|
| Andrew Hernandez | other Nova entities | February 18, 2016 (Dkt. 35) |
| Anthony Martinez | Nova | May 18, 2016 (Dkt. 61) |
| Brandon Monsey | other Nova entities | February 2, 2016 (Dkt. 20) |
| Bryan Keith Naatz | other Nova entities | February 3, 2016 (Dkt. 22) |
| Bullet Burchett | Nova | April 20, 2016 (Dkt. 58) |
| Caleb Awtry | other Nova entities | February 2, 2016 (Dkt. 20) |
| Cole Guidinger | Nova | March 30, 2016 (Dkt. 48) |
| Corey Awtry | other Nova entities | February 2, 2016 (Dkt. 20) |
| Dalton Henson | Nova | June 2, 2016 (Dkt. 62) |
| Daniel Parent | other Nova entities | February 8, 2016 (Dkt. 33-1) |
| Darren Dunaway | Nova | February 7, 2016 (Dkt. 32) |
| Eduardo Zamora | other Nova entities | February 6, 2016 (Dkt. 31) |
| Edward Fitzwilliam | Nova | June 7, 2016 (Dkt. 63) |
| Jordan Emig | other Nova entities | February 18, 2016 (Dkt. 35) |
| Jordan Lee Riggins | other Nova entities | April 26, 2016 (Dkt. 59) |
| Jose Jimenez | other Nova entities | February 3, 2016 (Dkt. 22) |
| Jose Lara, Jr. | Nova | April 19, 2016 (Dkt. 57) |
| Joseph Mischler | other Nova entities | February 3, 2016 (Dkt. 22) |
| Juan Corral | other Nova entities | February 8, 2016 (Dkt. 33-1) |
| Kevin Fort | Nova | May 17, 2016 (Dkt. 60) |
| Kevin Perez | other Nova entities | February 3, 2016 (Dkt. 22) |
| Kris Bohannan | Nova | March 30, 2016 (Dkt. 48) |
| Mateo Quinones | Nova | February 4, 2016 (Dkt. 24) |
| Michael Snyder | **None** | March 30, 2016 (Dkt. 48) |
| Nicholas Delao | Nova | April 11, 2016 (Dkt. 54) |
| Noe Perez | other Nova entities | February 4, 2016 (Dkt. 24) |
| Rafael Munoz | Nova | June 2, 2016 (Dkt. 62) |
| Raul Miranda | other Nova entities | February 2, 2016 (Dkt. 20) |
| Ritchie Sauceda | Nova | April 19, 2016 (Dkt. 57) |
| Rolando Jimenez | other Nova entities | February 3, 2016 (Dkt. 22) |
| Russell Petter | Nova | April 12, 2016 (Dkt. 55) |
| Tomas Jimenez | other Nova entities | November 19, 2015 (Dkt. 1) |

11. Plaintiff Michael Snyder was never employed by any Nova entity, and there are no payroll or personnel records held by any Nova entity showing he was ever an employee of any Nova entity.

12. Plaintiff Cole Guidinger's primary duty at Nova was to supervise our mud engineers. In this role, he customarily and regularly directed the work of at least two or more of our full-time mud engineers. This included primarily performing office or non-manual work directly related to management or administrative duties. He also had the authority to hire or fire employees, and his recommendations as to the firing, hiring, advancement, promotion, or other changes in employment status of mud engineers was given particular weight.

13. Kevin Fort held multiple positions during the term of his employment at Nova Mud, Inc., including truck driver, truck pusher, and scale manager. All of Nova's truck drivers are subject to DOT requirements, and Nova's truck drivers operate vehicles that weigh more than 10,000 pounds. Further, Nova provides motor vehicle transportation for compensation, and Nova's employees transport Nova's property in furtherance of Nova's commercial enterprise.

14. As a driver, Kevin Fort worked in Odessa, Texas, from approximately June 21, 2013 to March 2014. As a truck pusher, he worked in Hobbs, New Mexico, from approximately March of 2014 to May 9, 2014, and then he was a scale manager in Odessa, Texas, from approximately May 9, 2014, until he quit on May 28, 2015. Nova's truck drivers routinely are called upon to drive across state boundaries to further our business in New Mexico and other states.

15. As a scale manager, Kevin Fort was responsible for, among other things, ensuring the operations of the scales, that vehicles were loaded properly, and monitoring rail car traffic through the yard. In this position, he directed the work of at least two or more of our full-time employees and performed primarily office or non-manual work relating to management. He also had the authority to hire or fire employees beneath him, and his recommendations as to the firing, hiring, advancement, promotion, or other changes in employment status of those employees was given particular weight.

16. In addition to our records, I have confirmed that Plaintiffs Anthony Martinez, Bullet Burchett, Dalton Henson, Edward Fitzwilliam, Rafael Munoz, Ritchie Sauceda, and Russell Petter accepted the DOL Settlement, by visiting the DOL's website, http://webapps.dol.gov/wow/, to determine whether the DOL was holding any settlement funds on behalf of these Plaintiffs.

17. At this website, I searched for the employer by name, Nova Mud. The only result returned is Nova Mud, Inc., 5800 Nova Drive, Hobbs, NM, which is the correct business address for Nova Mud, Inc.

18. Selecting this employer, I then searched by first initial and last name for each of the Plaintiffs and no results were returned. Instead, each search returned the following message, "The name you entered does not appear on the list of employees due back wages from this employer. Thank you for using the system."

I declare under penalty of perjury that the foregoing is true and correct. Executed in Lea County, State of New Mexico, on the 13 day of January, 2017.

Gerald Bromley, Declarant

## SETTLEMENT AGREEMENT

The Secretary of Labor, United States Department of Labor (the" Secretary") has investigated the employment practices of Nova Mud, Inc., Nova Sand, LLC, and Nova Hardbanding, LLC dba: Nova Mud, Nova Fracsand, Nova Hardbanding, and Kenneth Bromley, (the "employer") headquartered at 5800 Nova Drive, Hobbs, NM 88240, and has alleged that certain of the employment practices investigated violate the Fair Labor Standards Act of 1938, as amended, 29 USC 201, et seq., (the "Act").

I.

The employer represents that its employment practices are currently in compliance with all applicable provisions of the Act as interpreted by the Secretary. If the representation is determined to be false and the employer is found in violation of the Act, additional back wages and liquidated damages may be owed, as well as civil money penalties. The employer further agrees that it will continue to comply with all applicable provisions of the Act in the future.

The parties enter into this Settlement Agreement with the understanding that the Secretary has the authority to seek back wages, liquidated damages, and civil money penalties under § 16(c) and § 16(e) of the Act, to address the alleged violations at issue in this matter. The parties desire to avoid the costs and expenses of litigation, and have determined to resolve all matters in controversy between the Secretary and the employer regarding the alleged violations, without requiring the Secretary to file, and the employer to defend against, any such action.

II.

EXHIBIT 2

It is therefore agreed that on or before February 15, 2016, the employer shall pay $750,000.00 in back wages and $750,000.00 in liquidated damages for the period April 22, 2013 – April 21, 2015. Back wages less lawful deductions and liquidated damages shall be paid to each employee named in Exhibit A, which is attached hereto and made a part hereof, in accordance with the amounts indicated next to each employee's names.

The provisions of this Settlement Agreement shall not in any way affect any legal right of any individual not named in Exhibit A, nor shall such provisions in any way affect any legal right of any individual named in Exhibit A to file any action against Nova Mud, Inc., Nova Sand, LLC, and/or Nova Hardbanding, LLC dba: Nova Mud, Nova Fracsand, Nova Hardbanding, for any violations alleged to have occurred outside the period from April 22, 2013 – April 21, 2015.

III.

To comply with the provisions contained in the preceding paragraph, the employer shall deliver to each employee named in "Exhibit A" a check in the total amount of back wages due the employee as indicated next to his or her name, less deductions from back wages for the employee's share of social security, Federal income tax and State income tax, and the amount owed in liquidated damages. The deductions from the amounts indicated for each employee for social security, Federal income tax and State income tax shall be paid by the employer to the appropriate Federal and State revenue authorities and appropriate proof of such payments shall be furnished to the Secretary by the employer.

IV.

On or before February 22, 2014, the employer shall further provide the Secretary with a statement showing the following: Employer's Federal ID number, the name of each employee listed in Exhibit A, the employee's current address and social security number, the amount of back wages and liquidated damages respectively due the employee as indicated in Exhibit A, the amount of each deduction taken from the back wages for the employee's share of social security, Federal income tax and State income tax, and the net amount of back wages and the amount of liquidated damages each employee shall receive.

On or before March 16, 2016, the employer shall further provide the Secretary with:

(A) One of the following proofs of payment for each employee: an employee receipt of back wages and liquidated damages in the form set forth at Exhibit B signed by each employee; a copy of the cancelled check (front and back) for each employee; or electronic transfer evidence of payment from the bank to each employee.

(B) A check made payable to "Wage and Hour Division – Labor" for the total net amount of any checks for back wages and liquidated damages which cannot be distributed to identified employees in Exhibit A, or to their estates if that be necessary because of inability of the parties to locate the proper persons, or because of such person's refusal to accept such sums.

V.

The employer shall not, under any circumstances, accept and keep any amount that was accepted by a person owed back wages and liquidated damages under this settlement agreement and then subsequently returned to the employer. Any such amount

shall be immediately paid to the Secretary for deposit as above, and the employer shall have no further obligations with respect to such returned monies.

VI.

The employer may require, in the form set forth at Exhibit B, a separate written waiver from any employee listed in Exhibit A, which makes clear that by accepting the back wage and liquidated damages amounts set forth in Exhibit A, the employee waives any rights he or she might have to seek additional back wages and liquidated damages on account of those violations as alleged during the period covered by this Settlement Agreement. Any employee who declines to accept the amounts set forth in Exhibit A does not waive such rights. Nevertheless, payment shall be made to the "Wage and Hour Division – Labor" in the amount set forth for that individual, as provided in paragraph IV(b) above.

VII.

The employer will not discharge or in any other manner discriminate against any employee because the employee engaged in activity protected by the whistleblower provision of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3). Such activity includes, but is not limited to, an employee's oral or written question or complaint to the Employer about the employee's pay or the employer's pay practices; an employee's oral or written question or complaint to the Wage and Hour Division or another state or federal agency about the employee's pay or the employer's pay practices; an employee's cooperation in any Wage and Hour investigation, including providing a statement to investigators; and an employee's refusal to return back wages due to him pursuant to a Wage and Hour investigation.

VIII.

The employer will permanently post in a conspicuous place in or about its premises at all places where posters for employees are customarily posted, including electronically if Employer routinely posts notices to employees electronically, Fact Sheet #77A: Prohibiting Retaliation Under the Fair Labor Standards Act, which is attached to this Agreement as Exhibit C and which can be found at the following link: http://www.dol.gov/whd/regs/compliance/whdfs77a.pdf.

IX.

The employer or his representative will provide training on prohibiting retaliation under Section 15(a)(3) of the Fair Labor Standards, including the rights of employees to participate in investigation by the Wage and Hour Division, to all human resources and supervisory staff by March 1, 2016, and will certify by letter to the Wage and Hour Albuquerque District Office by March 31, 2016, that the training has been completed. In addition, retaliation training shall be incorporated into new managers' training materials.

X.

On each payday, the employer will furnish each employee with a check stub or earnings statement, either electronically or via paper copy, containing the following information: (a) the name of the employee; (b) the hourly rate of pay (if applicable); (c) the total number of straight time and overtime hours worked by the employee (for nonexempt employees); (d) the total gross pay earned by the employee during that period segregated by hourly straight time and overtime earnings; (e) a list of deductions made from the employee's pay; and (f) the net amount after all deductions are made.

XI.

The employer will permanently post in a conspicuous place in or about its premises at all places where posters for employees are customarily posted, including electronically if the employer routinely posts notices to employees electronically, Employee Rights Under the Fair Labor Standards Act, and will post for at least 90 days Fact Sheet #21: Recordkeeping Requirements, which is attached to this Agreement as Exhibit D and which can be found at the following link:

http://www.dol.gov/whd/regs/compliance/whdfs21.pdf.

XII.

The employer will permanently post in a conspicuous place in or about its premises at all places where posters for employees are customarily posted, including electronically if the employer routinely posts notices to employees electronically, Wage Hour's local telephone contact number . The posting is attached as Exhibit E to this Agreement.

XIII.

The employer agrees to provide its current employees and future hires with a copy of Fact Sheet #23: Overtime Pay Requirements of the FLSA. The employer shall provide current employees with a copy of Fact Sheet #23: Overtime Pay Requirements of the FLSA no later than February 1, 2016. The employer shall provide future hires a copy of Fact Sheet #23: Overtime Pay Requirements of the FLSA no later than 10 days from initial date of employment. Fact Sheet #23 is attached to this Agreement as Exhibit

F and can be found at the following link:

http://www.dol.gov/whd/regs/compliance/whdfs23.pdf.

XIV.

The employer agrees to create a process whereby employees can alert the employer's designated representative of disputes, questions, and/or concerns about hours worked and compensation. The process will include a form that the employee can fill out and provide to the employer's designated representative via email or other appropriate method to alert the employer about any such disputes, questions, and/or concerns. The employer will inform current employees and future hires how to obtain the form and the appropriate email address or other location to file any completed forms if the employee has a dispute, question, and/or concern about hours worked and compensation. The form will affirmatively state that an employee's use of the complaint process will not be the basis for any adverse employment action. The employer will maintain all the documents and records related to this process (including initiating emails and employer response) for a period of three years and will provide the documents and records to the Wage Hour Division upon request.

XV.

In consideration for the employer's representations in paragraph I above, and its agreement to comply with the provisions of paragraphs II – XIV above, the Secretary agrees to refrain from instituting any legal action against the employer alleging violations

7

of the Act disclosed by the aforesaid investigation for the period April 22, 2013 – April 21, 2015.

## XVI.

In the event that the employer fails to comply with the terms and conditions set forth at paragraphs II-XIV above, the Secretary may, at his option, initiate such enforcement action as he deems appropriate, including but not limited to the institution of legal action seeking enforcement of this Settlement Agreement, or legal action pursuant to §§ 16(c), (e), and/or 17 of the Act against the employer, regarding any of the violations alleged in connection with the investigation set forth above. In the event the Department initiates such legal action pursuant to §§16(c), (e), and/or 17 of the Act, the employer agrees to waive any and all defenses based upon the passage of time since the date of signing this agreement (or, if earlier, the earliest operative date for any pending waiver), including but not limited to the statute of limitations set forth at section 6 of the Portal-to-Portal Act of 1947, and that this Agreement constitutes the sole evidence required to prove such waiver.

## XVII.

Any action commenced for the purpose of enforcing this Settlement Agreement may be filed in U.S. District Court for the District of New Mexico.

## XVIII.

In the event that the Secretary commences any action against the employer pursuant to Paragraph IX, the employer shall be entitled to credits against appropriate liabilities for amounts already paid pursuant to this Settlement Agreement.

## XIX.

The parties understand that nothing in this Agreement is binding on any governmental agency other than the United States Department of Labor.

## XX.

Each party hereby agrees to bear its own fees and other expenses incurred in connection with any stage of this proceeding.

Stipulated and agreed to by the undersigned this 15th day of January 2016.

Nova Mud, Inc., Nova Sand, LLC,
and Nova Hardbanding, LLC
dba: Nova Mud, Nova Fracsand,
Nova Hardbanding

By _____
Kenneth Bromley, Owner

By _____
Gerald Bromley, CFO

Secretary of Labor

By _____
George Watkins, District Director

9

**15**